UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Teun van Riel, et al., | No. 2:17-mc-00114-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| Rudolph Leone, et al., | |
| Defendants. | |

Teun van Riel, Teun Van Riel Horse Supplements, and Equine Industry B.V. apply for an order for appearance and examination of Rudolph Leone to aid in the enforcement of a money judgment. ECF No. 9. That judgment was entered in their favor in another case in the Central District of California several years ago. *See* Judgment, *Teun Van Riel Horse Supplements v. Juan Ayora*, No. 8:12-cv-01496-JVS (C.D. Cal. Oct. 26, 2016), ECF No. 241.

Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to obtain discovery "from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." The applicants here appear to seek discovery under the California rules; their filing is a form adopted by the Judicial Council of California. *See* ECF No. 9. The California rules allow judgment creditors to apply for an order requiring a judgment debtor to appear and "furnish information to aid in enforcement of [a] money judgment." Cal. Code Civ. P. § 708.110(a). Ordinarily, "the proper court for examination of a person under [that

1

section] is the court in which the money judgment is entered." *Id.* § 708.160(a). But a judgment creditor may seek an examination in another court, as is the case here. *See id.* § 708.160(d). If it does, the judgment creditor's application must include several documents. *See id.*

First, the applicant must file an abstract of judgment. *See id.* § 708.160(d)(1). The applicants here have filed a certification of the judgment by the Clerk's Office in the Central District of California and a copy of the judgment. ECF No. 1. The Clerk of this court has also filed an abstract of judgment. ECF No. 15. The court finds these filings satisfy the requirement of California Code of Civil Procedure section 708.160(d)(1).

Second, the applicant must file "[a]n affidavit in support of the application stating the place of residence or place of business of the person sought to be examined." Cal. Code Civ. P. § 708.160(d)(2). The application here does not attach such an affidavit.

Third, the application must file "[a]ny necessary affidavit or showing for the examination as required by Section 708.110 or 708.120." *Id.* § 708.160.(d)(3). Section 708.110 requires an applicant to show "good cause" if the judgment creditor has caused the judgment debtor to be examined within the previous 120 days. *Id.* § 708.110(b). Section 708.120 imposes requirements when property is in possession of a third party. Nothing in this record suggests any examination has occurred within the previous 120 days or that any relevant property is in possession of a third party. The court thus finds the applicants have satisfied the requirements of California Code of Civil Procedure section 708.160(d)(3).

Fourth, the applicant must pay "[t]he filing fee for a motion as provided in subdivision (a) of Section 70617 of the Government Code." The court finds the applicant's payment of the filing fee for actions in this District satisfies this requirement.

The application is therefore **denied without prejudice to renewal** upon the filing of the affidavit described in California Code of Civil Procedure 708.160(d)(2).

This order resolves ECF No. 9.

IT IS SO ORDERED.

DATED: March 23, 2021.

CHIEF UNITED STATES DISTRICT JUDGE